UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Criminal Action No. 6: 13-027-DCR |
| V. | ) | |
| JOSEPH JOHNSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Joseph Johnson is currently serving a term of imprisonment of 160 months based on his involvement in a multi-defendant conspiracy to manufacture substantial quantities of methamphetamine in southeastern Kentucky. [Record No. 398] As outlined in the defendant's written Plea Agreement, Johnson obtained pseudoephedrine from several co-defendants beginning around August 2009 and continuing through August 2011. The pseudoephedrine was used to manufacture finished methamphetamine, with the suppliers being paid in cash or with methamphetamine. The amount of methamphetamine mixture attributed to Johnson at the time of sentencing was determined to be between 1.5 to 5 kilograms.

The matter is currently pending for consideration of Johnson's request for relief pursuant to 18 U.S.C. § 3582(c)(2) based on recent changes in the drug tables used to determine non-binding guideline ranges for incarceration applicable to certain federal drug offenses. [Record No. 435] As explained more fully below, after considering all relevant statutory sentencing factors at the time of sentencing, the Court determined that a sentence of 160 months

incarceration was necessary to meet all statutory goals of sentencing. To reduce this term would not be appropriate under the circumstances presented. As a result, Johnson's motion will be denied.

Counsel for Johnson argued during the sentencing hearing that a sentence of 151 months would be sufficient to meet all relevant statutory factors under 18 U.S.C. § 3553. Conversely, citing some of the same factors, counsel for the United States argued for a term of incarceration of 170 months, followed by a term of five years supervised release. However, the Court determined that a sentence of 160 months would be sufficient but not greater than necessary to satisfy 18 U.S.C. § 3553(a). In reaching this determination, the Court addressed the seriousness of the crime, the involvement of others, the personal history and characteristics of the defendant, specific and general deterrence, and the need to protect the public from potential, future crimes by Johnson. Although the Court acknowledged that Johnson's drug addiction might have been a precipitating factor for his criminal conduct, that fact did not warrant a lesser sentence. In short, while the sentence imposed was within the guideline range at the time, more importantly, the Court found that it was sufficient but not greater than necessary to comply with the purposes of Title 18, Section 3553(a)(2).

Notwithstanding the earlier determination made by this Court, the undersigned has the discretion to reduce Johnson's sentence (but subject to the mandatory minimum term of 120 months) based on recent changes in the United States Sentencing Guidelines. However, for the reasons given during the July 11, 2014, sentencing hearing, a reduction of Johnson's sentence simply would not be appropriate. Additionally, in Section VIII of the Statement of Reasons

prepared in conjunction with the Judgment on July 11, 2014, the Court noted that the sentence imposed takes into account the possibility of a 2-level reduction in the Drug Quantity Table. Thus, the defendant's motion is the Court's second opportunity to consider whether a lesser term of incarceration would be appropriate.

Based upon all of the relevant statutory considerations, the Court previously determined that a sentence of 160 months imprisonment was necessary. Further, the Court concluded at the time Johnson was sentenced that a lower term of incarceration was not appropriate. That conclusion has not changed. The passage of time has not lessened Johnson's criminal history or made him any less likely to re-offend when released. Likewise, a reduced sentence would not provide sufficient general or specific deterrence. And finally, a reduced sentence would not provide proper punishment for Johnson's very serious criminal activity. Accordingly, it is hereby

**ORDERED** that Defendant Joseph Johnson's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) [Record No. 435] is **DENIED**.

This 17th day of November, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge