UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 13-027-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOSEPH JOHNSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Joseph Johnson was at the center of a conspiracy that manufactured substantial amounts of methamphetamine from August 2009 through August 30, 2011. After entering a guilty plea, Johnson was sentenced to a term of imprisonment of 160 months on July 11, 2014. [Record No. 398] At the time of the sentencing hearing, Johnson's non-binding guideline range[1] for imprisonment was determined to be 151 to 188 months. The Court rejected the defendant's argument for a lesser sentence as well as the government's argument for a greater term of incarceration. Instead, the Court noted that the sentence of 160 months reflected an approximate 9 to 10 month reduction from what otherwise would have been imposed due to the likelihood that the guidelines would be lowered several months after the sentencing hearing.

On November 17, 2014, Johnson moved the Court to reduce his sentence based on changes in the United States Sentencing Guidelines for certain drug offenses. [Record No. 435]

---

1 Johnson was (and is) subject to a statutorily-mandated minimum term of incarceration of 120 months.

Johnson's original guideline range was determined according to a Base Offense Level of 34 due to a drug quantity of between 1.5 to 5 kilograms of a methamphetamine mixture, a two-level increase because Johnson possessed a firearm in connection with the offense, and a three-level reduction for acceptance of responsibility. With a Total Offense Level of 33 and Criminal History Category II, Johnson's guideline range was 151 to 188 months of imprisonment. However, under the guidelines in effect November 1, 2014, Johnson's Base Offense Level would be reduced to 32. Thus, his Total Offense Level would be 31, and his corresponding guideline range would be reduced to 121 to 151 months of imprisonment. But while Johnson was eligible for a sentence reduction, the Court denied his motion after reviewing all relevant factors of 18 U.S.C. § 3553(a). [Record No. 437]

Johnson has now requested reconsideration of the Court's denial of his motion for a sentence reduction. [Record No. 455] In the present motion, Johnson correctly notes that he is eligible for a sentence reduction under 18 U.S.C. § 3583(c)(2) and Amendment 782 to the United States Sentencing Guidelines. However, he incorrectly asserts that his amended guideline range would be 108 to 135 months. This error is due to the fact that Johnson ignores that his Base Offense Level is increased two levels because of his possession of a firearm. Therefore, his Total Offense Level under the 2014 (and current) edition of the United States Sentencing Guidelines would be 31, not 29 as Johnson claims.[2] Notwithstanding this fact, the Court will not reconsider its prior decision to deny Johnson a sentence reduction.

---

[2] Johnson also asserts that the Court should "recognize [his] efforts to rehabilitate," but does not state what those efforts consist of, or indicate whether they have been successful to date. [Record No. 455, p. 2] However, post-sentencing rehabilitative efforts would not sway the ultimate determination that a sentence of 160 months of incarceration is necessary and appropriate here.

As the undersigned previously explained, Johnson's original judgment reflects the seriousness of the crime, his involvement of others, Johnson's personal history and characteristics, specific and general deterrence, and the need to protect the public from potential, future crimes of Johnson. While Johnson's drug addiction might have been a motivating factor for his criminal conduct, that possibility does not warrant a lesser sentence. Again, the Court recognizes that it has the discretion to reduce Johnson's sentence (subject to the mandatory minimum term of 120 months) based on recent changes in the United States Sentencing Guidelines. However, a reduction of Johnson's sentence would not be appropriate. Accordingly, it is hereby

**ORDERED** that Defendant Joseph Johnson's "Motion for Reconsideration for a Sentence Reduction Pursuant to Title 18 U.S.C. § 3582(c)(2) and Amendment 782, the Drugs Minus Two Amendment," [Record No. 455] is **DENIED**.

This 30th day of November, 2015.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**

***Danny C. Reeves*** DCR

**United States District Judge**